Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
Bendau & Bendau PLLC
P.O. Box 97066
State Bar No. 030204
Fax: (480) 304-3805
cliffordbendau@bendaulaw.com
Phone: (480) 382-5176

Attorney for Plaintiff Weeks

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Tina Weeks Michael McDonald & Cassandra Magdaleno, individually and on behalf of others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Matrix Absence Management, Inc., an Arizona Company,**<br><br>**Defendant.** | **Case No.  2:19-cv-04703-JJT**<br><br>**ORIGINAL COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Tina Weeks, Michael McDonald, and Cassandra Magdaleno (herein collectively, "Plaintiffs"), individually and on behalf of others similarly situated, files this Original Collective Action Complaint against Matrix Absence Management, Inc., an Arizona corporation ("Matrix") (herein, "Defendant"), and in support state the following:

### Nature of the Lawsuit

1.      Defendant is a subsidiary of Tokio Marine Holdings, Inc., which is a Japanese Corporation list on the Tokyo stock exchange.

2.      Defendant is "one of the top [t]hird [p]arty administrators of disability and leave of absence claims" in the United States.[1]

3.      Defendant partners with employers to administer and "speed up the processing time" to process disability and leave of absence claims filed by their customers' employees.[2]

4.      As a third-party absence management administrator, Defendant's core functions include processing disability and leave of absence claims within contractual timeframes.[3]

5.      Defendant employed Plaintiffs and other non-management employees ("Claims Examination Employees") to process disability and leave claims within contractual timeframes.

6.      Defendant employed Plaintiffs and other Claims Examination Employees to process disability and leave of absence claims within contractual time frames under various job titles that include one of the following terms: "Claims Examiner" or "Absence Management Specialist."[4]

7.      Defendant paid Claims Examination Employees a salary.

8.      Defendant's Claims Examination Employees regularly worked over 40 hours per work week.

---

[1] www.linkedin.com/jobs/view/claims-examiner-i-loa-fmla-at-matrix-absence-management-167329721/ (containing job description for "Claims Examiner I, LOA/FMLA" position posted on social media website by Defendant, touting that Defendant is "is one of the top Third-Party administrators of disability and leave of absence claims") (last visited April 28, 2020).

[2] s3.amazonaws.com/mckesson/documents/McKesson-How-to-File-an-STD-or-FMLA-Claim-Long.pdf (last visited April 28, 2020).

[3] s3.amazonaws.com/mckesson/documents/McKesson-How-to-File-an-STD-or-FMLA-Claim-Long.pdf (providing that "McKesson has contracted with Matrix Absence Management (Matrix), a division of Reliance Standard Life Insurance Company, to administer the Short Term Disability (STD) and Family Medical Leave Act (FMLA) programs.") (last visited April 28, 2020); rsli.wd5.myworkdayjobs.com/en-US/MATRIXJobs/job/Hawthorne-NY/Absence-Management-Specialist_R522 (containing "Absence Management Specialist" job description providing that position determines eligibility based on "clients policies while meeting timelines.") (last visited April 28, 2020).

[4] See e.g. https://bizstanding.com/p/matrix+absence+management-54205327 (providing list of employees who worked for Defendant, including individuals who worked under the job title of "Integrated Claims Examiner," "STD Claims Examiner," "LTD Claims Examiner," "Absence Management Specialist," "Sr. Long Term Disability Examiner," "Integrated Claims Examiner ((LOA)," "Integrated Disability Claims Examiner," "Short-Term Disability Claims Examiner II," "Claims Examiner II-LOA," and several other "Claims Examiner" job titles.

9.    Defendant classified Claims Examination Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in individual workweeks.

10.    Plaintiffs and other Claims Examination Employees' primary job duty consisted of reviewing employee disability and leave of absence claims against predetermined guidelines to determine eligibility to determine benefit eligibility within contractual time frames ("Claims Review Work").

11.    The Claims Review Work primarily performed by Plaintiffs and other Claims Examination Employees is non-exempt work.

12.    Because Defendant's Claims Examination Employees primarily performed non-exempt work, Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., by failing to pay them overtime when they worked over 40 hours in individual workweeks.

13.    Plaintiffs bring this action on behalf of themselves and other similarly situated Claims Examination Employees, who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

## Jurisdiction and Venue

14.    The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. 29 U.S.C. § 216(b).

15.    Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

## The Parties

16.    Plaintiff Weeks is an individual residing in Phoenix, Arizona.

3

17.     Plaintiff McDonald is an individual residing in Surprise, Arizona.

18.     Plaintiff Magdaleno is an individual residing in Lochbuie, Colorado.

19.     Defendant is an Arizona Corporation.

20.     Defendant's principal place of business is in Phoenix, Arizona.

## Factual Allegations

21.     Plaintiff Weeks worked for Defendant as a Claims Examination Employee from June 2014 to December 2018.

22.     Plaintiff McDonald worked for Defendant as a Claims Examination Employee from November 2016 to September 2019.

23.     Plaintiff Magdaleno worked for Defendant as a Claims Examination Employee from November 2016 to September 2019.

24.     During her employment with Defendant, Plaintiff Weeks primarily performed Claims Review Work.

25.     During her employment with Defendant, Plaintiff Weeks did not hold a bachelor's or associate's degree in any field from a college or university.

26.     During her employment with Defendant, Plaintiff Weeks' job duties did not include regularly directing the work of two or more employees.

27.     During her employment with Defendant, Plaintiff Weeks did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

28.     During her employment with Defendant, Plaintiff Weeks' primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

29.     During her employment with Defendant, Plaintiff Weeks's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

30.     During her employment with Defendant, Plaintiff Weeks could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

31.     During her employment with Defendant, Plaintiff Weeks's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

32.     During her employment with Defendant, Plaintiff Weeks's job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

33.     During her employment with Defendant, Plaintiff Weeks's job duties did not involve formulating, interpreting or implementing operating practices for Defendant or Defendant's customers.

34.     During her employment with Defendant, Defendant required Plaintiff Weeks to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

35.      During her employment with Defendant, Plaintiff Weeks's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

36.     During her employment with Defendant, Plaintiff Weeks's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

37.     During her employment with Defendant, Plaintiff Weeks's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

38.     During his employment with Defendant, Plaintiff McDonald primarily performed Claims Review Work.

39.     During his employment with Defendant, Plaintiff McDonald did not hold a bachelor's or associate's degree in any field from a college or university.

40.     During his employment with Defendant, Plaintiff McDonald's job duties did not include regularly directing the work of two or more employees.

41.     During his employment with Defendant, Plaintiff McDonald did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

42.     During his employment with Defendant, Plaintiff McDonald's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

43.     During his employment with Defendant, Plaintiff McDonald's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

44.     During his employment with Defendant, Plaintiff McDonald could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

45.     During his employment with Defendant, Plaintiff McDonald's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

46.     During his employment with Defendant, Plaintiff McDonald's job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

47.     During his employment with Defendant, Plaintiff McDonald's job duties did not involve formulating, interpreting or implementing operating practices for Defendant or Defendant's customers.

48.     During his employment with Defendant, Defendant required Plaintiff McDonald to perform his job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

49.      During his employment with Defendant, Plaintiff McDonald's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

50.     During his employment with Defendant, Plaintiff McDonald's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

51.     During his employment with Defendant, Plaintiff McDonald's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

52.     During her employment with Defendant, Plaintiff Magdaleno primarily performed Claims Review Work.

53.     During her employment with Defendant, Plaintiff Magdaleno did not hold a bachelor's or associate's degree in any field from a college or university.

54.     During her employment with Defendant, Plaintiff Magdaleno's job duties did not include regularly directing the work of two or more employees.

55.     During her employment with Defendant, Plaintiff Magdaleno did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

56.     During her employment with Defendant, Plaintiff Magdaleno's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

57.     During her employment with Defendant, Plaintiff Magdaleno's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

58.     During her employment with Defendant, Plaintiff Magdaleno could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

59.     During her employment with Defendant, Plaintiff Magdaleno's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

60.     During her employment with Defendant, Plaintiff Magdaleno's job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

61.     During her employment with Defendant, Plaintiff Magdaleno's job duties did not involve formulating, interpreting or implementing operating practices for Defendant or Defendant's customers.

8

62.     During her employment with Defendant, Defendant required Plaintiff Magdaleno to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

63.      During her employment with Defendant, Plaintiff Magdaleno's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

64.     During her employment with Defendant, Plaintiff Magdaleno's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

65.     During her employment with Defendant, Plaintiff Magdaleno's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

66.     Defendant suffered Plaintiff Weeks to work over 40 hours in one or more individual workweeks during the last three years.

67.     During her employment with Defendant, Plaintiff Weeks worked over 40 hours in one or more individual workweeks during the last three (3) years.

68.     Defendant classified Plaintiff Weeks as exempt from the overtime provisions of the FLSA.

69.     Defendant paid Plaintiff Weeks a salary.

70.     When Plaintiff Weeks worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff Weeks overtime at one and one-half times her regular rate of pay.

71.     During her employment, Plaintiff Weeks was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

72.     During her employment, Defendant was Plaintiff Weeks's "employer" as defined under the FLSA in § 203(d).

73.     Defendant suffered Plaintiff McDonald to work over 40 hours in one or more individual workweeks McDonald during the last three years.

74.     During his employment with Defendant, Plaintiff McDonald worked over 40 hours in one or more individual work McDonald during the last three (3) years.

75.     Defendant classified Plaintiff McDonald as exempt from the overtime provisions of the FLSA.

76.     Defendant paid Plaintiff McDonald a salary.

77.     When Plaintiff McDonald worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff McDonald overtime at one and one-half times his regular rate of pay.

78.     During his employment, Plaintiff McDonald was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

79.     During his employment, Defendant was Plaintiff McDonald's "employer" as defined under the FLSA in § 203(d).

80.     Defendant suffered Plaintiff Magdaleno to work over 40 hours in one or more individual workweeks during the last three years.

81.     During her employment with Defendant, Plaintiff Magdaleno worked over 40 hours in one or more individual workweeks during the last three (3) years.

82.     Defendant classified Plaintiff Magdaleno as exempt from the overtime provisions of the FLSA.

83.     Defendant paid Plaintiff Magdaleno a salary.

84.     When Plaintiff Magdaleno worked over 40 hours in individual workweeks Defendant did not pay Plaintiff Magdaleno overtime at one and one-half times her regular rate of pay.

85.     During her employment, Plaintiff Magdaleno was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

86.     During her employment, Defendant was Plaintiff Magdaleno's "employer" as defined under the FLSA in § 203(d).

87.     Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

88.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

89.     Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

90.     During her employment, Plaintiff Weeks was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

91.     During her employment, Defendant was Plaintiff Weeks's "employer" as defined under the FLSA in § 203(d).

## **Collective Action Allegations**

92.     Plaintiffs bring their FLSA claim as a collective action.

93.     Plaintiffs' FLSA Consent Forms are attached hereto as Exhibit A.

94.     The Collective is defined as follows:

All individuals employed by Defendant as Claims Examination Employees over the last three years who were paid a salary and classified as exempt ("Collective Action Members").

95.     Plaintiff Weeks is similarly situated to the potential Collective Action Members because they were paid the same and performed the same primary job duties.

96.     Plaintiff McDonald is similarly situated to the potential Collective Action Members because they were paid the same and performed the same primary job duties.

97.     Plaintiff Magdaleno is similarly situated to the potential Collective Action Members because they were paid the same and performed the same primary job duties.

98.     On information and belief, in the last three years, Defendant has employed at least 100 individuals who performed the same primary duties as Plaintiff Weeks.

99.     On information and belief, in the last three years, Defendant has employed at least 100 individuals who performed the same primary duties as Plaintiff McDonald.

100.    On information and belief, in the last three years, Defendant has employed at least 100 individuals who performed the same primary duties as Plaintiff Magdaleno.

101.    During their employment, Defendant was Collective Action Members' "employer" as defined by the FLSA, § 203(d).

102.    Of Defendant's employees who performed the same primary job duties as Plaintiff in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

103.    Of Defendant's employees classified as exempt and who performed the same primary duties as Plaintiff in the last three years, some or all worked over 40 hours in one or more individual workweeks.

104.    Defendant maintained one or more common job descriptions for Claims Examination Employees.

105.    Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

106.    Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

107.    Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

108.    Defendant was aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

## COUNT I
**Violation of the Fair Labor Standards Act**
**(Collective Action)**

109.    Plaintiffs incorporate here the previous allegations of this Complaint.

110.    This count arises from Defendant's violations of the FLSA by failing to pay overtime to Plaintiffs and the Collective Action Members at one and one-half times their regular rates when they worked over 40 hours in individual workweeks.

111.    Plaintiff Weeks was not exempt from the overtime provisions of the FLSA.

112.    Plaintiff McDonald was not exempt from the overtime provisions of the FLSA.

113.    Plaintiff Magdaleno was not exempt from the overtime provisions of the FLSA.

114.    Collective Action Members were not exempt from the overtime provisions of the FLSA.

115.    Plaintiff Weeks was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

116.    Plaintiff McDonald was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

13

117.     Plaintiff Magdaleno was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

118.     Other Collective Action Members were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

119.     Defendant paid Plaintiff Weeks a salary and no overtime compensation.

120.     Defendant paid Plaintiff McDonald a salary and no overtime compensation.

121.     Defendant paid Plaintiff Magdaleno a salary and no overtime compensation.

122.     Defendant paid other Collective Action Members a salary and no overtime compensation.

123.     Defendant violated the FLSA by failing to pay overtime to Plaintiff Weeks at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

124.     Defendant violated the FLSA by failing to pay overtime to Plaintiff McDonald at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

125.     Defendant violated the FLSA by failing to pay overtime to Plaintiff Magdaleno at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

126.     Defendant violated the FLSA by failing to pay overtime to other Collective Action Members at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

127.     Defendant's failure to pay Plaintiffs and other similarly situated persons one and one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

WHEREFORE, Plaintiffs, individually and on behalf of the Collective Action Members, seek a judgment against Defendant as follows:

A.      An Order designating this lawsuit as a Collective Action under the FLSA and permitting the issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

B.      All unpaid overtime wages due to Plaintiffs and the Collective Action Members;

C.      Pre-judgment and post-judgment interest;

D.      Liquidated damages equal to the unpaid overtime compensation due;

E.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

F.      Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiff demands a trial by jury.

DATED this 5th of May, 2020

*/s/* Clifford P. Bendau, II

CLIFFORD P. BENDAU, II
CHRISTOPHER J. BENDAU
The Bendau Law Firm, PLLC
P.O. Box 97066
State Bar No. 030204
Fax: (480) 382-5176
cliffordbendau@bendaulaw.com
Phone: (480) 382-5176

TRAVIS M. HEDGPETH*
The Hedgpeth Law Firm, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
P: (281) 572-0727
travis@hedgpethlaw.com

JACK L. SIEGEL*
Texas Bar No. 24070621
Siegel Law Group PLLC
4925 Greenville, Suite 600
Dallas, Texas 75206
P: (214) 790-4454
www.4overtimelawyer.com

*Application for admission pro hac vice
forthcoming

**Attorneys for Plaintiffs and Others
Similarly Situated**

16