**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tina Weeks, et al., | No. CV-20-00884-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Matrix Absence Management Inc., | |
| Defendant. | |

Plaintiffs Tina Weeks, Michael McDonald, and Cassandra Magdaleno bring this action against Defendant Matrix Absence Management, Inc. to recover allegedly unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. At issue is Plaintiffs' Motion for Step-One Notice Pursuant to the Fair Labor Standards Act (Doc. 25), in which Plaintiffs seek to conditionally certify similarly situated workers as a class for purposes of pursuing a collective FLSA action under 29 U.S.C. § 216(b). The Motion is fully briefed (Docs. 25, 26, 27, 33, & 35), and neither party is requesting oral argument. For the reasons that follow, the motion will be granted.

**I.     BACKGROUND**

Plaintiffs worked as "Claims Examination Employees" at Matrix Absence Management Inc. (hereinafter "Matrix"), a Japanese corporation that administers disability and leave absence claims in the U.S. (Doc. 1 at ¶¶ 1-2). Plaintiffs' primary job consisted of "reviewing employee disability and leave of absence claims against predetermined guidelines to . . . determine benefit eligibility." (Doc. 1 at ¶ 10). Plaintiffs' job is classified

as exempt from overtime pay under the FLSA. (Doc. 1 at ¶ 9). Plaintiffs' Complaint alleges that Plaintiffs "regularly worked over 40 hours per work week" and that, due to "Defendant's misclassification scheme," they were wrongfully denied the one and one-half times pay premium required by the FLSA for overtime hours worked by non-exempt employees. (Doc. 1 at ¶¶ 8, 13, 30).

Plaintiffs therefore seek to pursue this case as a collective action and to conditionally certify the following class:

> All individuals employed by Matrix as Claims Examination Employees in the last three years who were paid on a salary basis and classified as exempt from overtime compensation. This definition specifically includes all individuals employed in [Claims Examination Employee] job titles in the last three years.

(Doc. 1 at ¶ 94); (Doc. 25 at 1). The Motion specifically defines "Claims Examination Employees" to include 22 job titles, all of which Plaintiffs allege shared the same job duty: "utilizing Matrix's guidelines to determine whether to approve Claims based on whether they meet specific, predetermined criteria." (Doc. 25 at 1 n.1, 4).

Defendant asserts that its Claim Examiners are organized into four categories: "Leave of Absence (LOA) examiners, Short Term Disability (STD) examiners, Long Term Disability (LTD) examiners, and Absence Management Specialist (AMS) examiners." (Doc. 33 at 2-3). Defendant argues the duties of these positions vary significantly, and "the notion that each job was 'interchangeable' (as Plaintiffs suggest) ignores the entire structure and nature of Matrix's claim handling process." (Doc. 33 at 4). Defendant also asserts, through an affidavit of its Senior Corporate Recruiter Michelle Bahadar, that the job descriptions of the Claim Examiners provided by Plaintiff (Doc. 27, ex. L) are not actually Matrix's descriptions, and submits its own descriptions to consider instead (Doc. 34-1). In sum, Defendant argues the purported class members are not "similarly situated" as required for class certification.

///

///

## II.     LEGAL STANDARDS

The FLSA requires that employers ordinarily pay their employees time and one-half for work exceeding forty hours per week. 29 U.S.C. § 207(a)(1). The FLSA provides an exemption from overtime for persons "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). An "employer who claims an exemption from the FLSA has the burden of showing that the exemption applies." *Donovan v. Nekton, Inc.*, 703 F.2d 1148, 1151 (9th Cir. 1983). Because the FLSA "is to be liberally construed to apply to the furthest reaches consistent with Congressional direction . . . FLSA exemptions are to be narrowly construed against . . . employers and are to be withheld except as to persons plainly and unmistakenly within their terms and spirit." *Klem v. County of Santa Clara*, 208 F.3d 1085, 1089 (9th Cir. 2000) (internal quotation marks and citations omitted).

"Any employer who violates the provisions of . . . section 207 . . . shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation." *Id*. § 216(b). A collective action to recover these damages may be brought "against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." *Id.* Employees not named in the complaint who wish to join the action because they are similarly situated must give their consent in writing to the court in which the action is brought (*i.e.*, "opt in"). *Id.*; *see also Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018).

"Section 216(b) does not define 'similarly situated,' and the Ninth Circuit has not construed the term." *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010). "The majority of courts, including those within the District of Arizona, have adopted the two-tiered approach in deciding whether to grant FLSA collection action status." *Villarreal v. Caremark LLC*, No. Cv-14-00652-PHX-DJH, 2014 WL 4247730, at *3 (D. Ariz. Aug. 21, 2014) (internal quotations and alterations omitted). Under this approach, the first step is to "make an initial notice stage determination of whether plaintiffs are similarly situated." *Stickle v. SCI Western Market Support Center*, 2008 WL 4446539, at *2 (D. Ariz. Sept.

30, 2008). Here, Plaintiffs now seek this first step of conditional certification. Thus, at this juncture the Court is concerned only with determining whether the proposed class members are "similarly situated."

A plaintiff's burden at this notice stage is low. *See Baltazar v. U.S. Airways Group, Inc.*, 2013 WL 4654567, at *2 (D. Ariz. Aug. 30, 2013) at *2 (the standard at the notice stage is "lenient . . . because the court has little evidence at this stage and the usual result is conditional class certification" (internal quotation marks and citation omitted)). "At this first stage, the court require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Stickle*, 2009 WL 3241790, at *2 (internal quotation marks and citations omitted). "The court's determination at this first step is based primarily on the pleadings and any affidavits submitted by the parties." *Kesley v. Entm't U.S.A. Inc*., 67 F.Supp.3d 1061, 1065 (D. Ariz. 2014) (internal quotations omitted).

If the plaintiff "survives this hurdle, the district court will conditionally certify the proposed class and the lawsuit will proceed to a period of notification, which will permit potential class members to opt-into the lawsuit." *Id.* Because of the limited amount of evidence before the court at the first step, at the second step "the party opposing the certification may move to decertify the class once discovery is complete and the case is ready to be tried." *In re Wells Fargo Home Mortg. Overtime Pay Litig*., 527 F. Supp. 2d 1053, 1071 (N.D. Cal. 2007).

**III.   ANALYSIS**

Defendant argues the purported class members are not "so substantially similar that the Court can treat them as one." (Doc. 33 at 1). In support of the conditional certification, Plaintiffs submit (among other things) the factual allegations contained in Complaint (Doc. 1), declarations from Plaintiffs' attorney Jack Siegel (Doc. 27), declarations from eleven "Claim Examiners" at Matrix (Doc. 27, Exs. A-K), and the Claim Examiner job description (Doc. 27, ex. L). For the foregoing reasons, this evidence taken together is sufficient to support a finding that the purported class identifies similarly situated

individuals. *See, e.g.*, *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 468 (N.D. Cal. 2004) (finding, based only on the allegations in the complaint and supporting affidavits of employees, that "the information presented by plaintiffs is adequate to warrant conditional certification of the class for purposes of notifying proposed class members of the pendency of the suit").

      Defendant asserts that the job descriptions Plaintiffs provide do not belong to Matrix and submits its own descriptions to consider instead. (Doc. 34 at ¶ 15). However, even the job descriptions submitted by Defendant (Docs. 34-1, 34-2, 34-3, 34-4, 34-5, & 34-6) provide a basis, in conjunction with the Complaint and the employees' declarations, to find that the purported class members are similarly situated. The descriptions all describe claims examiners of some type, who all work in operations division, and who all report to the supervisor of integrated claims. And although the language of the substantive job descriptions varies, the positions all appear to all handle the same tasks. To name a few, all job descriptions involve investigating leave claims, determining eligibility, and communicating approvals and/or denials to the client. (Doc. 34-1 at 2) (Claims Examiners II, AMS job description includes "investigate all relevant issues," "determines eligibility," and "communicates approvals, denials, . . . and other important information regarding leave to the employee and client"); (Doc. 34-2 at 2) (Claims Examiners II, LOA job description includes "investigate, evaluate and adjudicate claims," "determines eligibility," and "communicates approvals, denials, . . . and other important information regarding leave to the employee and client"); (Doc. 34-3 at 2) (Claims Examiners II, LTD job description includes "prompt and thorough investigation," "interprets . . . eligibility," and "communicates with claimants, policyholders, physicians to resolve investigation issues"); (Doc. 34-4 at 2) (Claims Examiners I, LTD job description includes "analyze, approve or deny disability claims," "determining eligibility," and "communicates approvals, denials, . . . and other important information regarding leave to the employee and client"); (Doc. 34-5 at 2) (Claims Examiners I, DI or LOA/FMLA job description includes "investigate claim issues," "interprets . . . eligibility," and "act as a liaison between client, employee

and healthcare provider"); and (Doc. 34-6 at 2) (Claims Examiners, Sr., LTD job description includes "investigation of claims," "interprets . . . eligibility," and "communicates with claimants, policyholders, physicians to resolve investigation issues"). These descriptions, though not identical, certainly show a sufficient similarity to allow conditional class certification. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir.1996) (finding that, to satisfy the "similarly situated" requirement, "plaintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members"); *Villarreal v. Caremark LLC*, 66 F. Supp. 3d 1184, 1189 (D. Ariz. 2014) (abrogated on other grounds) (same).

Defendant also argues that the certification should be denied because "Plaintiffs' declarations are far too generic and implausible to support certification." (Doc. 33 at 10). The declarations submitted by the employees, as Defendant points out, are essentially "carbon copies" of each other. (Doc. 33 at 10). "The District of Arizona has previously denied certification of a FLSA class action when the supporting declarations were nearly identical, vague, conclusory, silent where one would expect important detail, *and* contradictory to allegations in the complaint." *Kuzich v. HomeStreet Bank*, No. CV-17-02902-PHX-GMS, 2018 WL 3872191, at *2 (D. Ariz. Aug. 15, 2018) (emphasis added) (citing *Delnoce v. Globaltranz Enterprises, Inc.*, 2017 WL 4769529 at *5 (D. Ariz. Sept. 25, 2017)). However, a finding that submitted declarations are "rather 'cookie-cutter' . . . alone is not a basis upon which to deny" a FLSA class action. *Baughman v. Roadrunner Communications LLC*, 2012 WL 12937133 at *3 (D. Ariz. Sept. 27, 2012) (citing *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1120 (W.D. Wash. 2011) ("But at this stage, under a lenient standard, the use of similarly worded or even 'cookie cutter' declarations is not fatal to a motion to certify an FLSA collective action.")). Here, though the declarations are identical, they are neither vague nor conclusory. Rather, they contain detailed descriptions of the Plaintiffs' job duties and the extent to which Defendant controls them, all of which are consistent with the allegations set forth in the Complaint.

Defendant further argues the declarations are "empty and implausible" because they

copied "verbatim" the language used by plaintiffs in other cases. (Doc. 33 at 10-11). The Court finds this argument unpersuasive too. That the Plaintiffs copied language from other cases to explain the extent to which Defendant controlled the execution of their job duties (for example, that the employee was "a rule follower, not a rule maker") does not render the declarations empty or implausible. The declarations *also* include descriptions of Plaintiffs' specific job duties and the extent to which Matrix controls them. For example, they explain that Claims Examiners are only allowed to deny claims without approval from a supervisor if the claimant failed to provide necessary documentation. (*See, e.g.*, Doc. 27-1 at ¶ 3). Further, they explain that they could only approve or deny claims based on whether the claims met specific, predetermined criteria outlined by Matrix and, if the criteria were met, the employee would send a template approval letter prepared by Matrix. (*See, e.g.*, Doc. 27-1 at ¶ 4). These allegations show a level of control by Matrix specific to this case and common to all Plaintiffs. *See In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F. Supp. 2d 1053, 1071 (N.D. Cal. 2007) (conditionally certifying an FLSA class based in part on "cookie-cutter declarations that do not reveal the true experiences of the purported declarants" because "[a]lthough defendants raise substantial issues regarding the reliability of these declarations, plaintiffs' factual showing satisfies the lenient standard warranting conditional certification of this collective action") (internal quotations omitted). It necessarily follows that, where Plaintiffs have the same job duties, so too were they all subject to the same "decision, policy, or plan": Metrix's alleged misclassification of them as exempt. *Kesley*, 67 F. Supp. At 1065.

## IV. APPROVAL OF NOTICE

Finally, Defendant contests (i) the length of the opt-in period proposed in the notice of collection action and lawsuit (the "Notice"); (ii) that the Notice requests multiple forms of notice (*i.e.* text, email, and mail) when U.S. Mail is sufficient; (iii) that the Notice "does not plainly inform potential opt-ins that they may be required to participate in discovery and pay litigation costs"; and (iv) that the Notice "puts Plaintiff's counsel in the position of handling the notice process, instead of a third-party administrator." (Doc. 33 at 21).

A certified class must receive "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Reab v. Electronic Arts*, Inc., 214 F.R.D. 623, 630 (D. Colo. 2002) (quoting Fed. R. Civ. P. 23(c)(2)); *see also Stickle v. SCI W. Mkt. Support Ctr., L.P*., No. 08-083-PHX-MHM, 2009 WL 3241790, at *7 (D. Ariz. Sept. 30, 2009) (declining to require notice via "employee newsletter" when it saw "no reason why [U.S. Mail] notice is inadequate"). However, "[t]he district court has discretion regarding the form and content of the notice." *Juvera v. Salcido*, 294 F.R.D. 516, 523 (D. Ariz. 2013). Plaintiffs have agreed not to send notice via text message, but still ask that notice be sent via email. (Doc. 35 at 12).While U.S. Mail is often the best and most efficient means of communication, the Court notes that, during the COVID-19 global pandemic, people are utilizing email to access information and documents now more than ever. The Court sees no reason to not allow notice by email here.

Regarding the notice period, this Court has approved opt-in periods of 60 days in FLSA collective actions. *See, e.g.*, *Cardoso et al. v. Pick A Part, LLC et al.*, 18-CV-04759-MTL, Doc. 46 (D. Ariz. Aug. 22, 2020); *Barrera v. US Airways Grp., Inc.*, No. CV-2012-02278-PHX, 2013 WL 4654567, at *9 (D. Ariz. Aug. 30, 2013); *Taylor v. Autozone, Inc.*, No. CV-10-8125-PCT-FJM, 2011 WL 2038514, at *6 (D. Ariz. May 24, 2011). The Court sees no reason, nor does Defendant provide one, that a 63-day opt-in period should not be granted, particularly during a pandemic.

Defendant also asserts that a third-party administrator should "handl[e] the notice process." (Doc. 33 at 16). However, Defendant does not provide any particular security concerns—or any reasons at all—why Plaintiffs' counsel cannot or should not handle the notice process. *See Ramirez v. Ghilotti Bros. Inc*., 941 F. Supp. 2d 1197, 1207 (N.D. Cal. 2013) (declining to appoint a third-party administrator where the defendant "offered no persuasive reason . . . that plaintiffs' counsel will violate their professional responsibilities"); *Poehler v. Fenwick*, No. 2:15-CV-01161 JWS, 2015 WL 9258448, at *3 (D. Ariz. Dec. 18, 2015) (declining to appoint a third-party administrator where "there is

no compelling reason articulated by Defendants as to why a third-party administrator would be beneficial") (citing *Hensley v. Eppendorf N. Am., Inc.*, 14-cv-419, 2014 WL 2566144, at *9 (S.D. Cal. June 5, 2014) ("Requiring a third-party administrator to send notice would likely complicate the notice process and generate additional expenses.")). A third-party administrator is not required here.

Finally, the Court finds that the Notice need not include information regarding the opt-in's participation in discovery and potential associated costs. In FLSA collective actions, individualized discovery of similarly situated plaintiffs is rarely appropriate. *See, e.g.*, Adkins v. Mid-American Growers, Inc., 143 F.R.D. 171, 174 (N.D. Ill. 1992) ("Because the court has already determined the plaintiffs are 'similarly situated,' individual depositions and interrogatories are not appropriate. . . . Individualized discovery is just too onerous.") (internal quotations and citations omitted). And where individualized discovery is unlikely, the potential negative deterring effects of including information about associated costs outweigh the benefits. *Prentice v. Fund for Pub. Interest Research, Inc.*, No. C-06-7776 SC, 2007 WL 2729187, at *5 (N.D. Cal. Sept. 18, 2007) ("Including a warning about possible discovery when that discovery is unlikely will serve no purpose other than deterring potential plaintiffs from joining the suit based on unfounded concerns about the hassle of discovery."); *Carrillo v. Schneider Logistics, Inc.*, No. CV-11-8557 CAS DTBX, 2012 WL 556309, at *14 (C.D. Cal. Jan. 31, 2012) ("[T]he Court believes that this kind of warning would undermine the FLSA's goal of encouraging full enforcement of statutory rights, especially where potential opt-in plaintiffs are low-wage workers."). Accordingly, this Court will not require that the notice inform opt-ins that they may have to participate in discovery or pay associated costs.

### V.   CONCLUSION

Given the liberal requirements for conditional certification under the FLSA, Plaintiffs have set forth sufficient evidence to show the purported class members are "similarly situated." Further, consistent with the revisions in the Notice above, the Court approves Plaintiffs' amended Notice attached as Exhibit D to its Reply. (Doc. 35-4).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Step-One Notice Pursuant to the FLSA (Doc. 25) is **granted as modified**.

**IT IS FURTHER ORDERED** that the collective class of potential plaintiffs is conditionally certified under 29 U.S.C. § 216(b) and consists of all individuals employed by Defendant as Claims Examination Employees in the last three years who were paid on a salary basis and classified by Defendant as exempt from overtime compensation ("Collective Action Members") including, without limitation, all individuals employed in CEE job titles in the last three years.

**IT IS FURTHER ORDERED** that the Notice and Consent Form attached as Exhibit D to Plaintiffs' Reply (Doc. 35-4) is approved.

**IT IS FURTHER ORDERED** that Defendant shall produce to Plaintiffs' Counsel a computer-readable data file containing the names, job titles, dates of employment, last known mailing addresses, last known personal email addresses, and work locations for all Collective Action Members (the "Class List") within seven (7) days of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Counsel shall (1) mail the approved Notice and Consent Form to all Collective Action Members via regular U.S. mail; and (2) issue the Notice and Consent via email to all Collective Members for whom email addresses were produced by Defendant within twenty-one (21) days of receiving the Class List.

**IT IS FURTHER ORDERED** that Collective Action Members shall have sixty-three (63) days from the date the Notice and Consent Form is sent to sign and return the Consent Form (the "Notice Period").

**IT IS FURTHER ORDERED** that consent Forms that are postmarked during the Notice Period shall be considered timely filed.

**IT IS FURTHER ORDERED** that Plaintiffs' Counsel may send a reminder notice to all Collective Action Members who have not yet returned signed Consent Forms thirty (30) days after the Notice and Consent Form is first mailed. Such reminder notice may be

issued by regular U.S. mail and email.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the close of the Notice Period, the Parties shall meet and confer to discuss a proposed discovery plan and deadlines for dispositive motions. No later than twenty-one (21) days after the close of the Notice Period, the Parties shall submit a Joint Case Management Plan setting forth their respective proposals.

Dated this 14th day of October, 2020.

Honorable Steven P. Logan
United States District Judge