JACK SIEGEL
Texas Bar No. 24070621
**SIEGEL LAW GROUP PLLC**
4925 Greenville, Suite 600
Dallas, TX 75206
Telephone: (214) 790-4454
Email: Jack@siegellawgroup.biz
*Admitted Pro Hac Vice*

Attorney for Plaintiff Weeks

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Tina Weeks, Michael McDonald, Cassandra Magdaleno, and Samantha Stocklein, individually and on behalf of others similarly situated,** | **Case No.  2:20-cv-884-SPL** |
| **Plaintiff,** | |
| **v.** | **FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **Matrix Absence Management, Inc., an Arizona Company,** | |
| **Defendant.** | **Jury Trial Demanded** |

Plaintiffs Tina Weeks, Michael McDonald, Cassandra Magdaleno, and Samantha Stocklein (herein collectively, "Plaintiffs"), individually and on behalf of others similarly situated, files this First Amended Collective and Class Action Complaint against Matrix Absence Management, Inc., an Arizona corporation (herein, "Defendant"), and in support state the following:

### Nature of the Lawsuit

1

1.     Defendant is a subsidiary of Tokio Marine Holdings, Inc., which is a Japanese Corporation list on the Tokyo stock exchange.

2.     Defendant is a third-party administrator of disability and leave of absence claims.

3.     Defendant is a licensed third-party administrator in multiple states across the country.

4.     Defendant is not an insurance company.

5.     Defendant does not hold a license to write or sell insurance from any state in the country.

6.     Defendant partners with its customers to administer and process disability and leave of absence claims filed by insurance plan enrollees.

7.     As a third-party absence management administrator, Defendant's core functions include processing disability and leave of absence claims within contractual timeframes.

8.     Defendant employed Plaintiffs and other non-management employees ("Claims Examination Employees") to process disability and leave of absence claims in accordance with predetermined guidelines as part of Matrix's claims handling process.

9.     Defendant employed Plaintiffs and other Claims Examination Employees to process disability and leave of absence claims under various job titles that include one of the following terms: "Claims Examiner" or "Absence Management Specialist."

10.     Defendant paid Claims Examination Employees a salary.

11.     Defendant's Claims Examination Employees regularly worked over 40 hours per work week.

12.     Defendant classified Claims Examination Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in individual workweeks.

13.     Plaintiffs and other Claims Examination Employees' primary job duty consisted of reviewing employee disability and leave of absence claims against predetermined guidelines to determine benefit eligibility within contractual time frames ("Claims Review Work").

14.     The Claims Review Work primarily performed by Plaintiffs and other Claims Examination Employees is non-exempt work.

15.     Because Defendant's Claims Examination Employees primarily performed non-exempt work, Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay them overtime when they worked over 40 hours in individual workweeks.

16.     Plaintiffs bring this action on behalf of themselves and other similarly situated Claims Examination Employees, who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

17.     Plaintiff Stocklein also brings class action claims under Oregon state law under Oregon wage and hour law, O.R.S. §§ 652.140, 652.150, 652.200, 653.055, and 653.261 (collectively, "Oregon Wage Law").

18.     Plaintiff Stocklein brings her respective Oregon state law claim pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay her and other Claims Examination Employees all earned overtime pay.

## Jurisdiction and Venue

19.     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. 29 U.S.C. § 216(b).

20.     The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same facts as the FLSA claims.

21.     Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

## The Parties

22.     Plaintiff Weeks worked for Defendant as a Claims Examination Employee in this Judicial District from June 2014 to December 2018.

23.     Plaintiff McDonald worked for Defendant as a Claims Examination Employee in this Judicial District from November 2016 to September 2019.

24.     Plaintiff Magdeleno worked for Defendant as a Claims Examination Employee in this Judicial District from November 2016 to September 2019.

25.     Plaintiff Stocklein worked for Defendant as a Claims Examination Employee in Oregon from approximately October 2016 to the present.

4

26.     Defendant is an Arizona Corporation.

27.     Defendant's principal place of business is in Phoenix, Arizona.

### Factual Allegations

28.     Plaintiffs worked as Claims Examination Employees for Defendant.

29.     Plaintiff Weeks worked for Defendant as a Claims Examination Employee.

30.     Plaintiff McDonald worked for Defendant as a Claims Examination Employee.

31.     Plaintiff Magdaleno worked for Defendant as a Claims Examination Employee.

32.     Plaintiff Stocklein worked for Defendant as a Claims Examination Employee.

33.     During her employment with Defendant, Plaintiff Weeks primarily performed Claims Review Work.

34.     During her employment with Defendant, Plaintiff Weeks did not hold a bachelor's or associate's degree in any field from a college or university.

35.     During her employment with Defendant, Plaintiff Weeks' job duties did not include regularly directing the work of two or more employees.

36.     During her employment with Defendant, Plaintiff Weeks did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

37.     During her employment with Defendant, Plaintiff Weeks' primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

38.     During her employment with Defendant, Plaintiff Weeks' job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

39.     During her employment with Defendant, Plaintiff Weeks could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

40.     During her employment with Defendant, Plaintiff Weeks' job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

41.     During her employment with Defendant, Plaintiff Weeks' job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

42.     During her employment with Defendant, Plaintiff Weeks' job duties did not involve formulating, interpreting or implementing operating practices for Defendant or Defendant's customers.

43.     During her employment with Defendant, Defendant required Plaintiff Weeks to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

44.      During her employment with Defendant, Plaintiff Weeks' job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

45.     During her employment with Defendant, Plaintiff Weeks' job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

46.     During her employment with Defendant, Plaintiff Weeks' job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

47.     During his employment with Defendant, Plaintiff McDonald primarily performed Claims Review Work.

48.     During his employment with Defendant, Plaintiff McDonald did not hold a bachelor's or associate's degree in any field from a college or university.

49.     During his employment with Defendant, Plaintiff McDonald's job duties did not include regularly directing the work of two or more employees.

50.     During his employment with Defendant, Plaintiff McDonald did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

51.     During his employment with Defendant, Plaintiff McDonald's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

52.     During his employment with Defendant, Plaintiff McDonald's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

53.     During his employment with Defendant, Plaintiff McDonald could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

54.     During his employment with Defendant, Plaintiff McDonald's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

55.     During his employment with Defendant, Plaintiff McDonald's job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

56.     During his employment with Defendant, Plaintiff McDonald's job duties did not involve formulating, interpreting or implementing operating practices for Defendant or Defendant's customers.

57.     During his employment with Defendant, Defendant required Plaintiff McDonald to perform his job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

58.      During his employment with Defendant, Plaintiff McDonald's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

59.     During his employment with Defendant, Plaintiff McDonald's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

60.     During his employment with Defendant, Plaintiff McDonald's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

61.     During her employment with Defendant, Plaintiff Magdaleno primarily performed Claims Review Work.

62.     During her employment with Defendant, Plaintiff Magdaleno did not hold a bachelor's or associate's degree in any field from a college or university.

63.     During her employment with Defendant, Plaintiff Magdaleno's job duties did not include regularly directing the work of two or more employees.

64.     During her employment with Defendant, Plaintiff Magdaleno did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

65.     During her employment with Defendant, Plaintiff Magdaleno's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

66.     During her employment with Defendant, Plaintiff Magdaleno's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

67.     During her employment with Defendant, Plaintiff Magdaleno could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

68.     During her employment with Defendant, Plaintiff Magdaleno's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

69.     During her employment with Defendant, Plaintiff Magdaleno's job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

70.     During her employment with Defendant, Plaintiff Magdaleno's job duties did not involve formulating, interpreting or implementing operating practices for Defendant or Defendant's customers.

71.     During her employment with Defendant, Defendant required Plaintiff Magdaleno to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

72.     During her employment with Defendant, Plaintiff Magdaleno's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

73.     During her employment with Defendant, Plaintiff Magdaleno's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

74.     During her employment with Defendant, Plaintiff Magdaleno's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

75.     During her employment with Defendant, Plaintiff Stocklein's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

76.     During her employment with Defendant, Plaintiff Stocklein primarily performed Claims Review Work.

77.     During her employment with Defendant, Plaintiff Stocklein did not hold a bachelor's or associate's degree in any field from a college or university.

78.     During her employment with Defendant, Plaintiff Stocklein's job duties did not include regularly directing the work of two or more employees.

79.     During her employment with Defendant, Plaintiff Stocklein did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

80.     During her employment with Defendant, Plaintiff Stocklein's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

81.     During her employment with Defendant, Plaintiff Stocklein's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

82.     During her employment with Defendant, Plaintiff Stocklein could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

83.     During her employment with Defendant, Plaintiff Stocklein's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

84.     During her employment with Defendant, Plaintiff Stocklein's job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

85.    During her employment with Defendant, Plaintiff Stocklein's job duties did not involve formulating, interpreting or implementing operating practices for Defendant or Defendant's customers.

86.    During her employment with Defendant, Defendant required Plaintiff Stocklein to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

87.    During her employment with Defendant, Plaintiff Stocklein's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

88.    During her employment with Defendant, Plaintiff Stocklein's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

89.    During her employment with Defendant, Plaintiff Stocklein's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

90.    Defendant suffered Plaintiff Weeks to work over 40 hours in one or more individual workweeks during the last three years.

91.    During her employment with Defendant, Plaintiff Weeks worked over 40 hours in one or more individual workweeks during the last three (3) years.

92.    Defendant classified Plaintiff Weeks as exempt from the overtime provisions of the FLSA.

93.    Defendant paid Plaintiff Weeks a salary.

94.     When Plaintiff Weeks worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff Weeks overtime at one and one-half times her regular rate of pay.

95.     During her employment, Plaintiff Weeks was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

96.     During her employment, Defendant was Plaintiff Weeks' "employer" as defined under the FLSA in § 203(d).

97.     Defendant suffered Plaintiff McDonald to work over 40 hours in one or more individual workweeks McDonald during the last three years.

98.     During his employment with Defendant, Plaintiff McDonald worked over 40 hours in one or more individual work McDonald during the last three (3) years.

99.     Defendant classified Plaintiff McDonald as exempt from the overtime provisions of the FLSA.

100.    Defendant paid Plaintiff McDonald a salary.

101.    When Plaintiff McDonald worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff McDonald overtime at one and one-half times his regular rate of pay.

102.    During his employment, Plaintiff McDonald was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

103.    During his employment, Defendant was Plaintiff McDonald's "employer" as defined under the FLSA in § 203(d).

104.    Defendant suffered Plaintiff Magdaleno to work over 40 hours in one or more individual workweeks during the last three years.

105.    During her employment with Defendant, Plaintiff Magdaleno worked over 40 hours in one or more individual workweeks during the last three (3) years.

106.    Defendant classified Plaintiff Magdaleno as exempt from the overtime provisions of the FLSA.

107.    Defendant paid Plaintiff Magdaleno a salary.

108.    When Plaintiff Magdaleno worked over 40 hours in individual workweeks Defendant did not pay Plaintiff Magdaleno overtime at one and one-half times her regular rate of pay.

109.    During her employment, Plaintiff Magdaleno was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

110.    During her employment, Defendant was Plaintiff Magdaleno's "employer" as defined under the FLSA in § 203(d).

111.    Defendant suffered Plaintiff Stocklein to work over 40 hours in one or more individual workweeks during the last three years.

112.    During her employment with Defendant, Plaintiff Stocklein worked over 40 hours in one or more individual workweeks during the last three (3) years.

113.    Defendant classified Plaintiff Stocklein as exempt from the overtime provisions of the FLSA.

114.    Defendant paid Plaintiff Stocklein a salary.

115.    When Plaintiff Stocklein worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff Weeks overtime at one and one-half times her regular rate of pay.

116.    During her employment, Plaintiff Stocklein was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

117.    During her employment, Defendant was Plaintiff Stocklein "employer" as defined under the FLSA in § 203(d).

118.    Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

119.    Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

120.    Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

### Collective Action Allegations

121.    Plaintiffs bring their FLSA claim as a collective action.

122.    Plaintiffs previously filed their consents to participate in this action with the Court.

123.    The Collective is defined as follows:

All individuals employed by Defendant as Claims Examination Employees over the last three years who were paid a salary and classified as exempt ("Collective Action Members").

124.    Plaintiff Weeks is similarly situated to the potential Collective Action Members because they were paid the same and performed the same primary job duties.

125.    Plaintiff McDonald is similarly situated to the potential Collective Action Members because they were paid the same and performed the same primary job duties.

126.    Plaintiff Magdaleno is similarly situated to the potential Collective Action Members because they were paid the same and performed the same primary job duties.

127.    Plaintiff Stocklein is similarly situated to the potential Collective Action Members because they were paid the same and performed the same primary job duties.

128.    Defendant has employed at least 100 individuals who performed the same primary duties as Plaintiff Weeks within the three years prior to the filing of this lawsuit.

129.    Defendant has employed at least 100 individuals who performed the same primary duties as Plaintiffs within the three years preceding the filing of this lawsuit.

130.    During their employment, Defendant was Collective Action Members' "employer" as defined by the FLSA, § 203(d).

131.    Of Defendant's employees who performed the same primary job duties as Plaintiffs in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

132.    Of Defendant's employees classified as exempt and who performed the same primary duties as Plaintiffs in the last three years, some or all worked over 40 hours in one or more individual workweeks.

133.    Defendant was aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

**<u>Oregon Class Action Allegations</u>**

16

134.   Plaintiff Stocklein also seeks class certification of the following state law class under Fed. R. Civ. P. 23:

> All individuals employed by Defendant in Oregon as Claims Examination Employees in the past two (2) years who were paid a salary and were classified as exempt from overtime (the "Class").

135.   During their employment, Plaintiff Stocklein and the Class members were "employees" of Defendant as defined in O.R.S. § 652.310(2).

136.   During their employment, Defendant was Plaintiff Stocklein and the Class members' "employer" as defined in O.R.S. § 652.310(1).

137.   The Class has more than 40 members.

138.   As a result, the Class is so numerous that joinder of all members is not practical.

139.   There are questions of law or fact common to members of the Class, including (1) whether the Class members primarily performed non-exempt work; (2) whether Defendant violated Oregon Law by refusing to pay the Class members overtime pay; and (3) the proper measure of damages if Defendant misclassified the Class members as exempt from the overtime provisions of Oregon Law.

140.   Plaintiff Stocklein overtime claims are typical of those of the Class because they arise out of Defendant's uniform compensation practices.

141.   Defendant's defenses to Oregon Law claims are typical of its defenses to those of the Class because they are grounded in the same compensation practices.

142.   Plaintiff Stocklein can fairly and adequately protect the interests of the Class members because she has no interests adverse to the Class.

17

143.    Plaintiff Stocklein can fairly and adequately protect the interests of the Class members because she has retained counsel experienced in class action employment litigation.

144.    The common questions of law and fact predominate over the variations which may exist between members of the Class, if any.

145.    Plaintiff Stocklein and the members of the Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, statutory penalties, attorneys' fees and costs.

146.    If individual actions were required to be brought by each member of the Class injured or affected by Defendant's common compensation practices, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to Defendant.

147.    Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

148.    The books and records of Defendant are material to the Class members' claims because they disclose the hours worked by each member of the Class and the rates at which Class members were paid.

## COUNT I
### Violation of the Fair Labor Standards Act
### (Collective Action)

149.    Plaintiffs incorporate here the previous allegations of this Complaint.

150.    This count arises from Defendant's violations of the FLSA by failing to pay overtime to Plaintiffs and the Collective Action Members at one and one-half times their regular rates when they worked over 40 hours in individual workweeks.

151.    Plaintiff Weeks was not exempt from the overtime provisions of the FLSA.

152.    Plaintiff McDonald was not exempt from the overtime provisions of the FLSA.

153.    Plaintiff Magdaleno was not exempt from the overtime provisions of the FLSA.

154.    Plaintiff Stocklein was not exempt from the overtime provisions of the FLSA.

155.    Collective Action Members were not exempt from the overtime provisions of the FLSA.

156.    Plaintiff Weeks was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

157.    Plaintiff McDonald was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

158.    Plaintiff Magdaleno was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

159.    Plaintiff Stocklein was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

160.    Other Collective Action Members were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

161.   Defendant paid Plaintiff Weeks a salary and no overtime compensation.

162.   Defendant paid Plaintiff McDonald a salary and no overtime compensation.

163.   Defendant paid Plaintiff Magdaleno a salary and no overtime compensation.

164.   Defendant paid Plaintiff Stocklein a salary and no overtime compensation.

165.   Defendant paid other Collective Action Members a salary and no overtime compensation.

166.   Defendant violated the FLSA by failing to pay overtime to Plaintiff Weeks at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

167.   Defendant violated the FLSA by failing to pay overtime to Plaintiff McDonald at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

168.   Defendant violated the FLSA by failing to pay overtime to Plaintiff Magdaleno at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

169.   Defendant violated the FLSA by failing to pay overtime to Plaintiff Stocklein at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

170.   Defendant violated the FLSA by failing to pay overtime to other Collective Action Members at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

171.   Defendant's failure to pay Plaintiffs and other similarly situated persons one and one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

## COUNT II
### Violation of Oregon Wage Law- Failure to Pay Overtime
### (Class Action)

172.   Plaintiffs incorporate here the previous allegations of this Complaint.

173.   Defendant violated Oregon Wage Law by failing to pay overtime to Plaintiff Stocklein and members of the Class when they worked over 40 hours in individual workweeks.

174.   Defendant classified Plaintiff Stocklein and the members of the Class as exempt from the overtime provisions of Oregon Wage Law.

175.   Plaintiff Stocklein and members of the Class were not exempt from the overtime provisions of Oregon Wage Law.

176.   Defendant suffered and permitted Plaintiff Stocklein and members of the Class to work over 40 hours in one or more individual workweeks.

177.   Defendant violated Oregon Wage Law by failing to pay Plaintiff Stocklein and Class members overtime at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

**Jury Demand**

178.   Plaintiffs demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiffs, individually and on behalf of the Collective Action Members and the Class Members, seek a judgment against Defendant as follows:

A.   An Order designating this lawsuit as a Collective Action under the FLSA and permitting the issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

B.   An Order certifying the Class pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4).

C.   All unpaid overtime wages due to Plaintiffs, the Collective Action Members, the Class members;

D.   Pre-judgment and post-judgment interest;

E.   Liquidated damages equal to the unpaid overtime compensation due;

F.   Penalties for Class Member under ORS 652.150;

G.   Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

H.   Such other relief as the Court deems appropriate.

DATED this 16th of February, 2021

*/s/* Jack Siegel

CLIFFORD P. BENDAU, II
The Bendau Law Firm, PLLC
P.O. Box 97066
State Bar No. 030204
Fax: (480) 382-5176
cliffordbendau@bendaulaw.com
Phone: (480) 382-5176

TRAVIS M. HEDGPETH*
The Hedgpeth Law Firm, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
P: (281) 572-0727
travis@hedgpethlaw.com

JACK L. SIEGEL*
Texas Bar No. 24070621
Siegel Law Group PLLC
4925 Greenville, Suite 600
Dallas, Texas 75206
P: (214) 790-4454
www.4overtimelawyer.com

*Admitted pro hac vice

**Attorneys for Plaintiffs and Others
Similarly Situated**

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing was electronically filed through the Court's CM/ECF filing system and that all counsel will receive notice of this filing through this District's CM/ECF system on the date of this filing.

*/s/ Jack Siegel* _____

JACK SIEGEL
