**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tina Weeks, et al., | No. CV-20-00884-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Matrix Absence Management Incorporated, | |
| Defendant. | |

Before the Court is Defendant Matrix Absence Management Inc.'s Motion for Judgment on the Pleadings. (Doc. 81), in which Defendant moves for judgment in its favor on Plaintiff Samantha Stocklein's Oregon state-law wage claim and the associated putative Rule 23 class action claim alleging failure to pay overtime. Defendant argues that the state-law claim is preempted by the Fair Labor Standards Act (FLSA). For the reasons that follow, the motion will be denied.

**I.     BACKGROUND**

On May 6, 2020, Plaintiffs Tina Weeks, Michael McDonald, and Cassandra Magdaleno filed a Complaint alleging they and other similarly situated employees of Defendant were improperly classified as exempt under the FLSA and had therefore been denied overtime wages. (Doc. 1). On October 15, 2020, the Court conditionally certified a collective class of employees and granted Plaintiff's Motion for Step-One Notice under the FLSA. (Doc. 36). Plaintiff was ordered to notify all members of the class within 21 days, and the members then had 63 days to opt in to the action. (Doc. 36 at 10).

On February 16, 2021, Plaintiffs moved to amend the Complaint to add an additional named plaintiff, Plaintiff Samantha Stocklein (hereinafter "Plaintiff"), seeking to bring a claim for failure to pay overtime under Oregon law for herself and other putative class members employed by Defendant in Oregon, in addition to the FLSA claim. (Doc. 53). On April 22, 2021, the Court granted the Motion to Amend (Doc. 59), and Plaintiff subsequently filed the First Amended Complaint, alleging both the FLSA claim and the Oregon state-law claim. (Doc. 60). On January 18, 2022, Defendant filed the instant Motion for Judgment on the Pleadings, which is now ripe for review. (Docs. 81, 84, 90).

## II. LEGAL STANDARDS

The Court may grant a motion for judgment on the pleadings under Rule 12(c) "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). A district court reviews a Rule 12(c) motion under the same legal standard as Rule 12(b)(6). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Therefore, all the factual allegations in the complaint are taken as true. *Fleming*, 581 F.3d at 925. However, a court is not required to accept as true any legal conclusions that are not supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Defendant argues that it is entitled to judgment as a matter of law on Plaintiff's Oregon state-law wage claim because it is preempted by the FLSA. There are three types of preemption: express preemption, field preemption, and conflict preemption. *McClellan v. I-Flow Corp.*, 776 F.3d 1035, 1039 (9th Cir. 2015). Defendant argues only that conflict preemption applies. (Doc. 81 at 4). "Conflict preemption is implicit preemption of state law that occurs where there is an actual conflict between state and federal law." *Id.* (internal quotation marks omitted). Conflict preemption applies "when (1) compliance with both federal and state regulations is a physical impossibility, or (2) when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* (internal quotation marks and alterations

omitted).

## III. DISCUSSION

The issue before the Court is straightforward: Is Plaintiff's Oregon state-law claim for failure to pay overtime preempted by the FLSA? The case law that answers this question, however, is nonbinding and at times contradictory. The Court's first task, therefore, is to identify the most persuasive authority.

Defendant's argument in favor of preemption relies primarily on *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914 (D. Ariz. 2010). *Colson* was a class action lawsuit alleging, among other claims, that an employer violated O.R.S. § 653.055 by denying misclassified employees overtime wages—a claim identical in all relevant respects to the claim at issue here. *Id.* at 919. The court in *Colson* held that the Oregon state-law claim was preempted by the FLSA because it "essentially [sought] to piggy-back thirty days' wages worth of waiting-time penalties onto any alleged FLSA violation. *Id.* at 924.

*Colson* relied entirely on the reasoning of *Wood v. TriVita, Inc.*, No. CV-08-0765-PHX-SRB, 2008 WL 6566637 (D. Ariz. Sept. 18, 2008). In *TriVita*, the plaintiff alleged failure to pay overtime wages under FLSA as well as an Arizona state-law claim for treble damages for failure to timely pay those wages. *Id.* at *1. The court determined that the plaintiff's state-law claim amounted "to nothing more than a claim for overtime due under the FLSA" and thus, "[t]o allow Plaintiff to bring suit for a violation of the FLSA and seek a remedy other than that provided by the FLSA would stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in enacting the FLSA." *Id.* at *4. The court concluded that "overtime claims that are directly covered by the FLSA must be brought under the FLSA." *Id. TriVita* cited to *Williamson v. General Dynamics Corp.*, 208 F.3d 1144 (9th Cir. 2000). In *Williamson*, the Ninth Circuit concluded that the plaintiffs' common-law fraud claims were not preempted by FLSA, using overtime disputes as a counterexample in the preemption analysis. *Id.* at 1154 ("Claims that are directly covered by the FLSA (such as overtime and retaliation disputes) must be brought under the FLSA.").

However, the Ninth Circuit labeled that statement from *Williamson* as dicta and backed away from it in *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743 (9th Cir. 2010), *vacated on other grounds*, 565 U.S. 801 (2011). Specifically, the Ninth Circuit wrote:

> Our decision in *Williamson* contained somewhat contradictory statements. On the one hand, we suggested in dicta that "claims that are directly covered by the FLSA (such as overtime and retaliation disputes) must be brought under the FLSA." On the other hand, we rejected as "incorrect" the district court's assumption that "FLSA is the exclusive remedy for claims duplicated by or equivalent of rights covered by the FLSA."

*Id.* at 759 (quoting *Williamson*, 208 F.3d at 1154, 1152) (internal citations and alteration omitted). *Wang* was a class action lawsuit alleging violations of the FLSA and California's Unfair Competition Law. *Id.* at 749; *see* Cal. Bus. & Prof. Code § 17200. The plaintiffs alleged a variety of labor violations, including wrongful denial of overtime pay. *Wang*, 623 F.3d at 749. Notably, the plaintiffs' state-law unfair competition claim was derivative of the FLSA claim. *Id.* at 759 ("Plaintiffs' § 17200 claim 'borrowed' FLSA as the substantive violation."). Still, the Ninth Circuit held that the state-law claim was not preempted because it was obviously possible to comply with both the federal and state laws simultaneously given that the FLSA requirements applied to both, and because allowing the state-law claim to proceed "furthers [FLSA's central] purpose of protecting employees." *Id.* at 760.

The Court finds *Wang* highly persuasive in this case. To be sure, *Wang* was vacated by the United States Supreme Court, so it has no mandatory precedential effect on this Court. *See United States v. Joelson*, 7 F.3d 174, 178 n.1 (9th Cir. 1993). But it was vacated on entirely different grounds than the preemption issue. *See Chinese Daily News, Inc. v. Wang*, 565 U.S. 801 (2011). This Court therefore agrees with others in this Circuit that *Wang*'s preemption analysis has significant "informational and persuasive value," and "stands for the proposition that a state law claim is not preempted by the FLSA as long as that claim furthers the FLSA's purpose of protecting employees."

*McCoy v. N. Slope Borough*, No. 3:13-CV-00064-SLG, 2013 WL 4510780, at *21 (D. Alaska Aug. 26, 2013); *see also Roberts v. Trimac Transp. Servs. (W.), Inc.*, No. C12-05302 HRL, 2013 WL 1441999, at *2 n.3 (N.D. Cal. Apr. 9, 2013). This is also in line with the Ninth Circuit's own treatment of *Wang*, as the court has continued to cite to the case for holdings unrelated to the grounds on which it was vacated. *See, e.g.*, *Busk v. Integrity Staffing Sols., Inc.*, 713 F.3d 525, 529 n.3 (9th Cir. 2013); *Newton v. Parker Drilling Mgmt. Servs., Ltd.*, 881 F.3d 1078, 1097 (9th Cir. 2018); *Kater v. Churchill Downs, Inc.*, No. 19-36091, No. 20-35042, 2020 WL 1441416, at *1 (9th Cir. Feb. 26, 2020). Thus, to the extent the earlier cases of *Colson*, *TriVita*, and *Williamson* would lead the Court to a different outcome in this case than *Wang* would, the Court finds that *Wang* prevails.[1]

Returning then to *Colson*—which found that FLSA preempted an Oregon state-law claim essentially identical to the one in this case—the question is whether *Wang*'s preemption holding changes the outcome. *Colson* relied solely on *TriVita*'s reasoning to determine that the Oregon claim was preempted. *See Colson*, 687 F. Supp. 2d at 924 ("[T]he Court sees no reason why . . . Judge Bolton's reasoning in *TriVita* should not also control the fate of Plaintiff's Oregon claim . . . ."). The Court will therefore consider whether *TriVita*'s reasoning survives *Wang*. The Court identifies four reasons underpinning *TriVita* and will discuss them in turn.

First, *TriVita* referred to *Williamson*'s statement that claims directly covered by the FLSA must be brought under the FLSA. *TriVita*, 2008 WL 6566637, at *3. As noted, however, *Wang* explicitly referred to that statement as dicta and highlighted its inconsistency with *Williamson*'s rejection of the notion that the FLSA is the exclusive remedy for claims based on rights covered by the FLSA. *Wang*, 623 F.3d at 759. While it

---

[1] The Court also finds that to the extent they are contradictory, *Wang* prevails over the more recent cases cited by Defendant—including *Finton v. Cleveland Indians Baseball Co. LLC*, No. CV-19-02319-PHX-MTL, 2021 WL 661975 (D. Ariz. Feb. 19, 2021), *vacated in part*, 2021 WL 1610199 (D. Ariz. Apr. 26, 2021), and *Roberts v. State*, 483 P.3d 212 (Ariz. Ct. App. 2021)—as the Court finds Ninth Circuit authority on federal preemption issues more persuasive than authority from this District or from state courts.

may be true that *Wang* did not "disavow" *Williamson*, as Defendant argues (Doc. 90 at 2), it at least negated any persuasive value held by the particular statement quoted in *TriVita*.

Second, *TriVita* looked to First and Fourth Circuits cases, as well as several district court cases, that held that the FLSA preempted duplicative state-law claims. *TriVita*, 2008 WL 6566637, at *4. But with persuasive Ninth Circuit authority now available, of course, this Court gives more weight to Ninth Circuit authority than to authority from other circuits. Moreover, in *Wang*, the Ninth Circuit expressly rejected as unpersuasive the same Fourth Circuit case cited in *TriVita*. *See Wang*, 623 F.3d at 760.

Third, *TriVita* reasoned that allowing the plaintiff to pursue a non-FLSA, state-law remedy for a FLSA violation would hinder Congress's purposes and objectives in enacting the FLSA. *TriVita*, 2008 WL 6566637, at *4. To the contrary, *Wang* held that allowing the plaintiffs to go forward with their California state-law claim that "borrowed FLSA as the substantive violation" *furthered* the FLSA's purpose of protecting employees. *Wang*, 623 F.3d at 759–60.

Finally, *TriVita* noted the apparent conflict between the opt-out system of a Rule 23 class action, which would apply to the state-law claim, and the opt-in system of a FLSA collective action. *TriVita*, 2008 WL 6566637, at *5. The court summarized the two systems as follows:

> The FLSA requires class members who are not named in the complaint to affirmatively opt in to the class by filing a written consent with the Court. This differs from a class action under Rule 23, where class members are bound by the judgment unless they opt out of the suit.

*Id.* Defendant emphasizes that only 29 of the 136 potential class members who worked in Oregon opted in to this case under FLSA. (Doc. 81 at 2 n.3). While the Court is sympathetic to Defendant's argument that the opposite opt-in and opt-out schemes of the FLSA and Rule 23 is unwieldy, the same was true in *Wang*; the district court had given putative class members a three-month period both to opt in to the FLSA claim and to opt

6

out of the state-law claims. *Wang*, 623 F.3d at 749. Despite that unwieldiness, the Ninth Circuit still determined that the FLSA did not preempt the state-law claim. Ultimately, then, none of the reasons that supported *TriVita*'s analysis—and therefore *Colson*'s holding that FLSA preempts an Oregon unpaid wages state-law claim—continue to hold weight after *Wang*.

Rather, *Wang*'s holding that the California state-law claim was not preempted by the FLSA applies squarely to the Oregon state-law claim in this case. In *Wang*, the Ninth Circuit reasoned that preemption did not apply where the state-law claim borrowed the FLSA standard making it obviously possible to comply with both laws, and where the state-law claim furthered the FLSA's purpose of protecting employees. *Id.* at 760. Likewise, here, the parties agree that the same standard applies to both the FLSA and Oregon claims. *See* (Doc. 57 at 4–5; Doc. 81 at 2); *Nolan v. Transcend Servs., Inc.*, No. 3:10-cv-01571-HU, 2012 WL 14021, at *8, 11 (D. Or. Jan. 4, 2012). In addition, the Oregon law furthers the goal of protecting employees by penalizing employers who improperly withhold wages. O.R.S. §§ 652.150, 653.055. Following *Wang*, then, Plaintiff's Oregon state-law claim is not preempted.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 81) is **denied**.

Dated this 22nd day of February, 2022.

Honorable Steven P. Logan
United States District Judge

7