**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tina Weeks, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>Matrix Absence Management Incorporated,<br><br>　　　　　　　Defendant. | No. CV-20-00884-PHX-SPL<br><br>**ORDER** |

Before the Court is the parties' Joint Notice of Discovery Dispute (Doc. 97). On May 6, 2020, Plaintiffs Tina Weeks, Michael McDonald, and Cassandra Magdaleno filed a Complaint alleging they and other similarly situated employees of Defendant were improperly classified as exempt under the FLSA and had therefore been denied overtime wages. (Doc. 1). On October 15, 2020, the Court conditionally certified a collective class of employees and granted Plaintiff's Motion for Step-One Notice under the FLSA. (Doc. 36). Thereafter, 168 Plaintiffs opted into the collective action. (Doc. 97 at 1).

The Court issued a Rule 16 Case Management Order in this case on February 16, 2021. (Doc. 52). The discovery deadline was set for March 18, 2022. (Doc. 52 at 2). The Case Management Order required that written discovery requests be served at least 45 days before the discovery deadline. (Doc. 52 at 2). On February 7, 2022, pursuant to the parties' stipulation, the Court extended the discovery deadline to May 18, 2022. (Doc. 86). In that Order, the Court warned:

///

> The Court reminds the parties however of its strict policy not to extend the dispositive motion deadline beyond the two-year anniversary of the date of commencement of an action. The parties are cautioned that the proposed deadlines, adopted below, extend beyond that anniversary date. *Therefore, the parties should plan their litigation activities in anticipation that no further extensions will be afforded.*

(Doc. 86 at 1) (emphasis added).

On April 15, 2022, the parties filed the Joint Notice of Discovery Dispute that is now before the Court. (Doc. 97). Defendant seeks discovery, in the form of a six-item "questionnaire," from all 168 opt-in Plaintiffs. (Doc. 97 at 1). Plaintiffs argue that the discovery is untimely and goes beyond the proper scope of discovery in this case. (Doc. 97 at 5).

The parties agree on the facts related to the timeliness of this discovery request. Defendant first proposed sending a questionnaire to the opt-in Plaintiffs more than a year ago, in February 2021. (Doc. 97 at 2, 6). The issue was dropped until December 2021 when Defendant indicated an intent to use a questionnaire. (Doc. 97 at 2, 6). Two months later, on February 16, 2022, Defendant sent Plaintiffs a draft of a proposed questionnaire. (Doc. 97 at 2, 7). Following an exchange of communications, the parties came to an impasse and on March 3, 2022, were informed of this Court's procedures for resolving the discovery dispute, including the requisite filing of the Joint Notice. (Doc. 97 at 2, 7). A month later, on April 4, 2022, Defendant provided Plaintiffs with its portion of the Joint Notice. (Doc. 97 at 2, 7). Plaintiffs assert that they completed their portion on April 12, 2022. (Doc. 97 at 7). On April 15, 2022, the parties filed the Joint Notice. (Doc. 97).

Given the May 18, 2022 discovery deadline, written discovery requests were required to be served no later than April 3, 2022. Nonetheless, Defendant dragged its feet for several months in proposing the questionnaire and then raising the discovery dispute to the Court. Defendant argues that it was seeking a reasonable compromise and that "Defendant should not be penalized and Plaintiffs are not prejudiced by any delay which occurred due to meet and confers, and efforts to avoid involving the court in a discovery

dispute." (Doc. 97 at 2). But meet-and-confers do not explain why Defendant did not advance a questionnaire between February and December 2021. Nor do meet-and-confers explain why it took Defendant two months—from December 2021 until February 16, 2022—to draft the two-page questionnaire at issue (Doc. 97-1 at 4–5), particularly given that the operative discovery deadline at that time was March 18, 2022.

And finally, meet-and-confers do not explain why it took Defendant a full month after recognizing the impasse to draft its three-page portion of the Joint Notice, from March 3 to April 4, 2022, having been advised of the Court's intention to enforce the existing deadlines. *See Rogers v. Brauer Law Offs., PLC*, No. CV-10-1693-PHX-LOA, 2011 WL 3665346, at *5 (D. Ariz. Aug. 22, 2011) ("While this Court appreciates, as the rules require, counsels' genuine efforts to personally and informally resolve discovery disputes, there comes a point in time in every case, as deadlines approach, when 'the gloves come off' and a motion to compel must be filed."). Instead, Defendant did not complete its portion of the Joint Notice until the day after the deadline for serving written discovery requests had passed—despite the Court having put the parties on notice two months earlier on February 7, 2022 that they "should plan their litigation activities in anticipation that no further extensions will be afforded." (Doc. 86 at 1). Clearly, Defendant failed to heed that warning and failed to pursue their discovery request with any reasonable diligence. *See Rogers*, 2011 WL 3665346, at *5 (denying discovery after the discovery deadline where there was a lengthy discovery period, the parties had worked to resolve the issue for months, and the party seeking discovery showed no exercise of diligence justifying the delay in bringing the issue to the court).

Courts look to a variety of factors in determining whether an untimely request for discovery should be permitted, including:

> (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, [(6)] the age of the case, [(7)] any prejudice to the party from

> whom late discovery was sought, and [(8)] disruption of the court's schedule.

*Meyers v. Arpaio*, No. CV-10-1775-PHX-JAT (LOA), 2011 WL 3903570, at *2 (D. Ariz. Sept. 6, 2011) (internal quotation marks omitted). Here, while the written discovery deadline is not long passed and the fact discovery deadline is still forthcoming, Defendant first raised the possibility of a questionnaire more than a year ago and intended to file one for several months. The discovery deadline was already extended, and this case is nearly two years old. The dispositive motion deadline is just over two months away on July 6, 2022—which is already beyond the Court's ordinary two-year-anniversary policy. Permitting Defendant's requested discovery would further delay an aging case and would require significant effort on the part of Plaintiffs' counsel to gather questionnaire responses while also trying to prepare for dispositive motions. In sum, all but the first factor counsel in favor of denying Defendant's untimely request.

Moreover, to permit Defendant's requested discovery would require a de facto extension of the discovery deadline. *See Rogers*, 2011 WL 3665346, at *4. Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The key question for whether "good cause" exists under Rule 16(b)(4) "is whether the requesting party was diligent in seeking the amendment." *DKR Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (holding that if a party seeking modification of a scheduling order "was not diligent, the inquiry should end"). Defendant was not diligent in pursuing its discovery request, so there is no good cause to modify the deadline for written discovery.

///
///
///
///
///

**IT IS THEREFORE ORDERED** that Defendant's request for discovery as set forth in the Joint Notice of Discovery Dispute (Doc. 97) is **denied**.

Dated this 21st day of April, 2022.

_____
Honorable Steven P. Logan
United States District Judge