**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tina Weeks, et al.,<br><br>            Plaintiffs,<br><br>vs.<br><br>Matrix Absence Management Incorporated,<br><br>            Defendant. | No. CV-20-00884-PHX-SPL<br><br>**ORDER** |

       Before the Court is the parties' Joint Motion for Discovery Dispute Resolution. (Doc. 100). Plaintiffs seek additional information pursuant to four interrogatories and nine requests for production ("RFPs") that they served on Defendant on July 7, 2021—making the Joint Motion, in essence, a motion for resolution of 13 separate discovery disputes, as the issues underlying each interrogatory and RFP are largely distinct.

       Plaintiffs filed this lawsuit more than two years ago, on May 6, 2020. (Doc. 1). On October 15, 2020, the Court conditionally certified a collective class of employees and granted Plaintiff's Motion for Step-One Notice under the Fair Labor Standards Act ("FLSA"). (Doc. 36). The operative First Amended Complaint, filed April 26, 2021, alleges that Defendant denied Plaintiffs and putative collective action members overtime wages in violation of the FLSA and that Defendant denied Plaintiff Samantha Stocklein and putative class members overtime wages in violation of Oregon state law. (Doc. 60).

       The Court issued a Rule 16 Case Management Order in this case on February 16, 2021. (Doc. 52). The discovery deadline was set for March 18, 2022. (Doc. 52 at 2). The

Order clarified that the discovery deadline concludes "the time for the Court to resolve all discovery disputes, *and the time to complete any final discovery necessitated by the Court's ruling on any discovery disputes*." (Doc. 52 at 2 n.1). On February 7, 2022, pursuant to the parties' stipulation, the Court extended the discovery deadline to May 18, 2022. (Doc. 86). In that Order, the Court warned:

> The Court reminds the parties however of its strict policy not to extend the dispositive motion deadline beyond the two-year anniversary of the date of commencement of an action. The parties are cautioned that the proposed deadlines, adopted below, extend beyond that anniversary date. *Therefore, the parties should plan their litigation activities in anticipation that no further extensions will be afforded.*

(Doc. 86 at 1) (emphasis added).

On April 15, 2022, the parties filed a Joint Notice of Discovery Dispute, in which Defendant requested to serve a six-item questionnaire on the 168 opt-in FLSA collective action members. (Doc. 97). On April 21, 2022, the Court denied Defendant's request as untimely because the time for serving written discovery requests had already passed, Defendant had dragged its feet in proposing the questionnaire and raising the dispute to the Court, and thus, Defendant had failed to pursue the discovery request with reasonable diligence considering the Court's warnings about the discovery deadline. (Doc. 97).

On April 25, 2022, the Court was notified that the parties had a second unresolved discovery dispute. The Court issued an Order later that day setting forth the procedures for resolving the dispute and reminding the parties that the May 18, 2022 discovery deadline is also the deadline for ruling on discovery disputes and completing discovery based on such rulings.[1] (Doc. 99).

Almost three weeks later and less than a week before the discovery deadline, on May 12, 2022, the parties filed the instant Joint Motion. (Doc. 100). Defendant asserts that Plaintiffs provided their portion of the Joint Motion on May 3, 2022, but that

---

[1] The Court notes that Plaintiffs' portion of the Joint Motion failed to abide by the four-page-per-party limit set by that Order.

Plaintiffs' counsel did not provide the Declaration in support of their Motion until May 11, 2022. (Doc. 100 at 7). This is corroborated by the fact that Plaintiffs' counsel's Declaration is dated May 12, 2022. (Doc. 100-2 at 4).

The discovery requests at issue in the Joint Motion were served on July 7, 2021. (Doc. 100-2 at 1). Defendant responded to the requests on August 27, 2021.[2] (Doc. 100-2 at 2). On November 30, 2021, Plaintiffs' counsel sent Defendant's counsel a deficiency letter as to the responses. (Doc. 100-2 at 2). The parties conferred about the alleged deficiencies on December 7 and 15, 2021. (Doc. 100-2 at 2). On January 14, 2022, Defendant provided revised responses and continued to supplement its production from December 10, 2021 to April 7, 2022. (Doc. 100-2 at 2). On March 11, 2022, Plaintiffs' counsel sent a second deficiency letter, to which Defendant did not respond. (Doc. 100-2 at 3). On April 6, 2022, the parties conferred about the alleged remaining deficiencies. (Doc. 100-2 at 3). Defendant supplemented its production on April 7, 2022, but Plaintiffs assert that a variety of deficiencies remain. (Doc. 100-2 at 4).

In light of the very late timing of this Joint Motion; the Court's warnings that it intended to enforce the May 18 discovery deadline, which the Court repeatedly noted also applies to discovery at issue in a discovery dispute; and the fact that the Court previously denied Defendant's request for discovery for similar reasons, the Court will not grant Plaintiff's request for discovery on the literal eve of the discovery deadline. The thirteen issues raised in the Joint Motion first came to light almost nine months ago. The Court certainly appreciates the parties' efforts to resolve the dispute on their own, as required by the applicable rules, but as noted with respect to the previous discovery dispute, "there comes a point in time in every case, as deadlines approach, when 'the gloves come off' and a motion to compel must be filed." *Rogers v. Brauer Law Offs., PLC*, No. CV-10-1693-PHX-LOA, 2011 WL 3665346, at *5 (D. Ariz. Aug. 22, 2011) (denying discovery

---

[2] Plaintiffs note that Defendant's responses came one week after the deadline had passed, but Plaintiffs do not allege that the delay caused any prejudice; Defendant still responded almost nine months before the current discovery deadline. (Doc. 100-2 at 2).

after the discovery deadline where there was a lengthy discovery period, the parties had worked to resolve the issue for months, and the party seeking discovery showed no exercise of diligence justifying the delay in bringing the issue to the court). That point certainly came earlier than six days before the deadline for such a long-running, multi-faceted dispute, particularly given the Court's emphasis that the parties should plan their litigation activities in anticipation that the May 18 discovery deadline would not be extended. And even after Plaintiffs notified the Court of the instant discovery dispute, it took them almost three weeks to file the Joint Motion, despite the Court having just denied Defendant's discovery request in part due to the amount of time it took Defendant to prepare its portion of that filing. Just as Defendant was not diligent with respect to the first discovery dispute, Plaintiffs were not diligent with respect to this discovery dispute.

To be sure, the relevant discovery deadline for this dispute has not yet passed, but when the Joint Motion was filed, it was a mere six days away. Even Plaintiffs requested that Defendant be given seven days from the Court's ruling to produce the requested information, which would require a de facto extension of the discovery deadline and renders the request untimely. (Doc. 100 at 6). Courts look to a variety of factors in determining whether an untimely request for discovery should be permitted, including:

> (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, [(6)] the age of the case, [(7)] any prejudice to the party from whom late discovery was sought, and [(8)] disruption of the court's schedule.

*Meyers v. Arpaio*, No. CV-10-1775-PHX-JAT (LOA), 2011 WL 3903570, at *2 (D. Ariz. Sept. 6, 2011) (internal quotation marks omitted). Here, while the request would not require a long extension of the discovery deadline, Plaintiffs have known about the discovery since at least August, the discovery deadline was already extended, and the case is more than two years old. The dispositive motion deadline is less than two months

away on July 6, 2022—which is already well beyond the Court's ordinary two-year-anniversary policy. Permitting Plaintiffs' requested discovery would further delay an aging case and would require Defendant's counsel to divert their attention back to discovery requests while also preparing for dispositive motions—despite Defendant's own discovery request having been denied due to similar circumstances. As in the previous discovery dispute, all but the first factor counsel in favor of denying Plaintiffs' untimely request.

In addition, Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The key question for whether "good cause" exists under Rule 16(b)(4) "is whether the requesting party was diligent in seeking the amendment." *DKR Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (holding that if a party seeking modification of a scheduling order "was not diligent, the inquiry should end"). Plaintiffs were not diligent in pursuing their discovery request, so there is no good cause to modify the discovery deadline to require Defendant to supplement its responses. Accordingly,

**IT IS ORDERED** that Plaintiffs' request to compel discovery as set forth in the Joint Motion for Discovery Dispute Resolution (Doc. 100) is **denied**.

Dated this 17th day of May, 2022.

Honorable Steven P. Logan
United States District Judge