Tracy A. Miller, SBN 015920
Douglas (Trey) Lynn, SBN 028054
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road. Suite 800
Phoenix, AZ 85016
Telephone: 602.778.3700
Facsimile: 602.778.3750
tracy.miller@ogletree.com
trey.lynn@ogletree.com

*Attorneys for Defendant Matrix Absence Management Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Tina Weeks, Michael McDonald, and Cassandra Magdaleno,<br><br>Plaintiffs,<br><br>v.<br><br>Matrix Absence Management Inc.,<br><br>Defendant. | No. 2:20-CV-00884-SPL<br><br>**DEFENDANT MATRIX ABSENCE MANAGEMENT INC.'S CONTROVERTING STATEMENT OF FACTS IN OPPOSITION OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Local Rule 56.1, Defendant Matrix Absence Management Inc. ("Matrix") submits its Controverting Statement of Facts in Opposition of Plaintiffs' Motion for Partial Summary Judgment. Pursuant to Local Rule 56.1(b)(2), Matrix incorporates by reference its statement of material facts in support of motion for summary judgment (Dkt. No. 137) as additional facts that otherwise preclude partial summary judgment in Plaintiffs' favor.

//

//

//

//

//

1. Defendant classified Plaintiffs and all their fellow "Telephone Claims Examiners" or "TCEs" (defined below) as exempt from overtime under the administrative exemption, paid them on a salary basis, and failed to pay them overtime when they worked over 40 hours per workweek. ECF 60, 64 ¶¶ 92-94, 99-101, 106-108, 112-114.

**Response:** The phrase "failed to pay them overtime" is not an alleged fact rather it is a legal argument and therefore improper under Local Rule 56.1. "Opinion, suggested inferences, legal arguments and conclusions are not the proper subject matter of a Local Rule 56.1 statement. Including legal arguments in a 56.1 statement is wholly improper, redundant, unpersuasive and irksome; in short, it advances neither the interests of the parties nor of the court." *Breeser v. Menta Grp., Inc.*, 934 F. Supp. 2d 1150, 1155 (D. Ariz. 2013).

3. In the third-party administrator industry, there is a standardized process for processing Claims. Ex. H, at 48 (30(b)(6) witness admitting that there is no difference between the ways STD claims are processed by Matrix and its competitor Liberty Mutual).

**Response:** Ms. Ronfeldt's testimony that she cannot think of any differences in the way Matrix processed claims and the way Liberty Mutual processed claims does not establish an industry standard. This is nothing more than an improper legal argument and/or opinion. *See Breeser*, 934 F. Supp. 2d at 1155.

11. Plaintiffs and other TCEs do not work on more than one claim at a time, and never talk with multiple claimants at the same time about claims. Ex. H, at 46.

**Response:** The cited testimony only establishes that Plaintiffs did not speak to multiple claimants on the phone at the same time. Matrix does not dispute Plaintiffs generally performed one task at a time. However, on any given day, Plaintiffs had multiple claims they were responsible for administering. Ex. 1, Dep. of Cassandra Magdaleno at 52:9-21.

17. Plaintiffs and other TCE's job duties do not include supervising anyone, formulating or interpreting employment policies, making staffing decisions, setting Matrix's budget, planning Matrix's business objectives, or developing proposed changes

to Matrix or its customers' business operations. Ex. H, at 55, 109-111, 117; Ex. I, at 131-133; Ex. J, at 94-95; Ex. K, at 106-108.

**Response:** Every Plaintiff testified that they interpreted and applied employment policies. *See* Matrix's Statement of Facts, Dkt. No. 137 ¶¶ 3-5, 24-25, 27, 30, 35, 37, 58, 60, 62 and accompanying evidence.

26. Plaintiffs and other TCEs categorically lack the authority to: negotiate or bind Matrix on significant matters, use judgment to determine Claim value; promote sales or make purchases on behalf of Matrix, represent Matrix in formal grievance actions filed by employees; represent Matrix in arbitrating disputes; make staffing or promoting decisions of individuals employed by Matrix or its customers; help plan the business objectives of Matrix or its customers; or conduct business research for Matrix or its customers. Ex. H, at 100-105, 107, 109-111, 137.

**Response:** Plaintiffs that administered claims that would result in a payment to a claimant (such as short and long-term disability claims) used independent judgment and discretion to value claims. Ex. 2, Stocklein Dep. at 30:2-20.

28. There is no evidence that the Plaintiffs had conversations with Defendant's customers beyond asking those customers questions to obtain information basic information needed to process specific claims, or to answer basic questions about specific claims they processed. Ex. I, at 131-33; Ex. J, at 94-95; Ex. K, at 106-07; Ex. H, at 129-30.

**Response:** Samantha Stocklein testified that she would interface with Matrix's clients when there was a "client escalation" resulting from a client's employee being unhappy with some aspect of the claims process. Ex. 2, Stockelin Dep. at 42:9-43:20. Cassandra Magdaleno testified that she would interface with clients when her client flagged claims for abuse. *See* Matrix's Statement of Facts, Dkt. No. 137 ¶¶ 45-47 and accompanying evidence.

31. Plaintiffs and other TCEs do not formulate or interpret employment policies on behalf of Matrix. Ex. H, at 117.

3

**Response:** Every Plaintiff testified that they interpreted and applied Matrix's client's employment policies. *See* Matrix's Statement of Facts, Dkt. No. 137 ¶¶ 3-5, 24-25, 27, 30, 35, 37, 58, 60, 62 and accompanying evidence. Additionally, the cited testimony regarding interpreting policies was subject to a form objection, which the court should sustain. The question was: "Do they involve interpreting employment policies on behalf of Defendant?" The question was ambiguous because it could be interpreted two ways. First, it could be interpreted to mean: "Do they involve interpreting **Matrix's** employment policies on behalf of **[Matrix]**?" Or, the witness may have also interpreted the question to mean: "Do they involve interpreting **Matrix's clients'** employment policies on behalf of **[Matrix's clients]**?" Plaintiffs imply that the later interpretation is correct. However, because the question is subject to two reasonable interpretations and was objected to, but not cured, the testimony is not admissible.

32. Plaintiffs and other TCEs do not supervise employees of Matrix's customers, and their communications with Matrix's clients are limited to conversations about the specific claims that they are processing on behalf of those clients. Ex. H, at 45-46, 129-130 (Q: So all of [the TCEs'] talk [with the clients], though is regarding specific claims. A: Yes.); Ex. I, at 131-33; Ex. J, at 94-95; Ex. K, at 106-07.

**Response**: *See* response to paragraph 28.

33. There is no evidence that Plaintiffs or other TCEs interviewed, hired, fired, screened, disciplined or otherwise made recommendations to Defendant's customers regarding individuals for employment or staffing purposes. Ex. H, at 109; Ex. I, at 131-33; Ex. J, at 94-95; Ex. K, at 106-07.

**Response:** To the extent Plaintiffs rely on this this paragraph and lump leave of absence or benefits decision in the definition of "employment … purposes," the cited evidence does not support that fact. Likewise, Plaintiffs' testimony directly refutes that fact. Every Plaintiff testified that they interpreted and applied employment policies. *See* Matrix's Statement of Facts, Dkt. No. 137 ¶¶ 3-5, 24-25, 27, 30, 35, 37, 58, 60, 62 and accompanying evidence.

4

36. TCEs do not perform the work of insurance claims adjusters that generally meet the duties requirement of the administrative exemption under 29 C.F.R. 203(a): While TCEs do interview claimants, they do not inspect property damage, prepare damage estimates, determine liability between parties, use judgment to determine claim value, negotiate settlements, or make recommendations regarding litigation. Ex. H, at 100-101.

**Response:** Matrix objects to this paragraph as improper under Local Rule 56.1. "Opinion, suggested inferences, legal arguments and conclusions are not the proper subject matter of a Local Rule 56.1 statement. Including legal arguments in a 56.1 statement is wholly improper, redundant, unpersuasive and irksome; in short, it advances neither the interests of the parties nor of the court." *Breeser*, 934 F. Supp. at 1155.

37. TCEs do not perform the work that involves the type of heightened discretion and judgment to qualify as an exempt adjuster under § 203(a): They do not determine their own workloads, set reserves on claims, evaluate investigation of accident scenes, hire or interact with nursing services to assist claimants to return to work, approve litigation strategy, participate in hiring experts, serve as lead negotiators, or set reserves on claims; or use judgment to determine who is liable between parties, what a claim is worth, or how to handle negotiations with a claimant. Ex. H., at 100-104.

**Response:** Matrix objects to this paragraph as improper under Local Rule 56.1. "Opinion, suggested inferences, legal arguments and conclusions are not the proper subject matter of a Local Rule 56.1 statement. Including legal arguments in a 56.1 statement is wholly improper, redundant, unpersuasive and irksome; in short, it advances neither the interests of the parties nor of the court." *Breeser*, 934 F. Supp. at 1155.

43 Defendant's reliance on Ries for its continued classification of TCEs as exempt is not reasonable because (1) Defendant does not claim that Plaintiffs or other TCEs worked as insurance adjusters in this case; and (2) the court in Ries granted the joint stipulation of dismissal based on Defendant's argument that the TCEs in that case were properly classified as exempt under 29 C.F.R. 203(a). Ex. H, at 136; Ex. O at 1, 4, 6-7, 10.

**Response:** Matrix objects to this paragraph as improper under Local Rule 56.1. "Opinion, suggested inferences, legal arguments and conclusions are not the proper subject matter of a Local Rule 56.1 statement. Including legal arguments in a 56.1 statement is wholly improper, redundant, unpersuasive and irksome; in short, it advances neither the interests of the parties nor of the court." *Breeser*, 934 F. Supp. at 1155.

RESPECTFULLY SUBMITTED this 3rd day of February 2023.

                OGLETREE, DEAKINS, NASH,
                SMOAK & STEWART, P.C.

By: */s/ Tracy A. Miller*
     Tracy A. Miller
     Douglas (Trey) Lynn
     2415 East Camelback Road, Suite 800
     Phoenix, AZ 85016

     Attorneys for Defendant Matrix Absence
     Management Inc.